J-S37030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUILIE ZEIGLER | |
| Appellant | No. 2000 MDA 2016 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002540-2013

BEFORE: STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED SEPTEMBER 26, 2017**

Quilie Zeigler appeals, *pro se*, from the November 27, 2016 order entered in the Dauphin County Court of Common Pleas dismissing as untimely his fourth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

The trial court set forth the history of this case:

> On December 17, 2013, [Zeigler] entered into a negotiated guilty plea whereby he would plead guilty to two counts of Possession with Intent to Deliver[,] Possession of a Firearm[,] and Possession of Drug Paraphernalia[1] and receive the mandatory 5 to 10 year sentence. He was sentenced according to the plea agreement and given a February report date.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §6105(a)(1), and 35 P.S. § 780-113(a)(32), respectively.

On August 6, 2014, [Zeigler] filed a *pro se* [PCRA petition]. On August[] 12, 2014, this Court appointed Jennifer Tobias to represent him. She filed a Petition to Withdraw Under the [PCRA,] which satisfied the requirements of a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 532, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 379 Pa.Super. 390, 550 A.2d 213 (1988) on September 22, 2014. This Court filed [a] Notice of Intent to Dismiss on October 1, 2014, and [a] final dismissal on October 28, 2014. Subsequently, [Zeigler] filed a second PCRA on March 23, 2015. Attorney Tobias was permitted to withdraw and Attorney DePowell was appointed to represent [Zeigler] on April 22, 2015.

On June [10], 2015, a Petition to Withdraw was filed. This Court granted that motion and filed its Notice of Intent to Dismiss and Memorandum Opinion [on] June 23, 2015. A final dismissal was issued on August 3, 2015.

On August 28, 2015, [Zeigler] filed his third *pro se* PCRA[,] which was not entertained on September 29, 2015. A fourth *pro se* PCRA was filed on October 3, 2016. On November 1[6], 2016[,] we issued a Notice of Intent to Dismiss and Memorandum Opinion.

Mem. Op., 12/20/16, at 1-2.

On December 1, 2016, Zeigler filed a notice of appeal.[2] On December 13, 2016, the PCRA court dismissed Zeigler's PCRA petition.[3] On December

---

[2] While Zeigler has appealed from the November 16, 2016 notice of intent to dismiss his PCRA petition, the PCRA court subsequently entered an order dismissing Zeigler's petition. Therefore, Zeigler's appeal is properly before us. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

[3] While Zeigler attempted to couch his claims as a request for *habeas corpus* relief, the PCRA court properly treated his claims, which request relief from mandatory minimum sentences, as a request for PCRA relief. **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole
*(Footnote Continued Next Page)*

19, 2016, the PCRA court amended its order dismissing the petition to advise Zeigler of his right to appeal to this Court within 30 days.[4]

Zeigler raises the following issues on appeal:

[I.] Did the trial court err[] in dismissing [Zeigler]'s motion to correct an [E]ighth [A]mendment violation of the U.S. Constitution and [A]rticle 1 of the Pennsylvania Constitution due to the fact that mandatory minimum sentences have been declared unconstitutional and now have no statute aut[h]ority to support [Zeigler]'s sentence as he is challenging the legality of his confinement and the Department of Corrections has been deprived of their authority to continue custody over [Zeigler] because [Zeigler]'s sentencing order now has no statute authorization supporting it because his mandatory minimum sentences have been declared unconstitutional?

[II.] Is the time constraint on having an illegal sentence corrected under 42 Pa.C.S. § 9545, unconstitutional as it denies criminal defendants opportunity to have unconstitutional sentences corrected?

*(Footnote Continued)* ————————

means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); ***see also Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) ("The plain language of the statute above demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

[4] Zeigler filed another notice of appeal on December 27, 2016. This appeal, which was docketed at 90 MDA 2017, was dismissed on March 6, 2017 for failure to file a docketing statement. ***See*** Pa.R.A.P. 3517 ("Failure to file a docketing statement may result in dismissal of the appeal.").

Zeigler's Br. at 1925(b) Stmt. (full capitalization omitted).[5]

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Zeigler pled guilty on December 17, 2013 and did not file a direct appeal. Thus, his judgment of sentence became final 30 days later, on January 16, 2014. ***See*** Pa.R.A.P. 903 (providing that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Zeigler had one year from that date, or until January 16, 2015, to

_____

[5] Zeigler labeled his statement of issues presented as "1925B Statement." However, we note that the PCRA court did not order Zeigler to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

file a timely PCRA petition. His current petition, filed on October 3, 2016, is therefore facially untimely.

To overcome the time bar, Zeigler was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Zeigler must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Zeigler's PCRA petition failed to plead or prove any exception to the one-year time bar. Therefore, like the PCRA court, this Court lacks jurisdiction to consider any claim, including a challenge to the legality of his sentence. [6]

_____

[6] To the extent Zeigler attempts to raise the "new constitutional right" exception to the PCRA time bar, his claim is without merit. Zeigler contends that his sentence is illegal because it involves statutes applying a mandatory minimum, which have been held to be unconstitutional. In his PCRA petition, Zeigler cited **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). In **Hopkins**, the Pennsylvania Supreme Court found that pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety. 117 A.3d at 262. Unlike Zeigler, who sought relief through a PCRA petition, the appellant in **Hopkins** had filed a direct appeal, as his sentence was not final at the time the United States Supreme Court issued its decision in **Alleyne**.

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/26/2017</u>

---

*(Footnote Continued)* ————————————

Further, "[a]lthough legality of sentence [claims are] always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa.Super. 2013) (quoting ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa.Super. 2007)).

Finally, we note that Zeigler did not file his petition within 60 days of ***Hopkins***. ***See*** 42 Pa.C.S. § 9545(b)(2).